**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**ERNEST M. DOMINIQUE**                                                    **CIVIL ACTION NO.**

**VERSUS**                                                                           **23-799-SDD-EWD**

**HUFF MANAGEMENT CO., INC., ET AL.**

**NOTICE**

    Please take notice that the attached Magistrate Judge's Report and Recommendation has been filed with the Clerk of the U.S. District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Signed in Baton Rouge, Louisiana, on July 25, 2024.

                                           **ERIN WILDER-DOOMES**
                                           **UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**ERNEST M. DOMINIQUE**                                    **CIVIL ACTION NO.**

**VERSUS**                                                         **23-799-SDD-EWD**

**HUFF MANAGEMENT CO., INC., ET AL.**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Motion to Grant Leave to File First Supplemental and Amending Complaint ("Motion"), filed by Ernest M. Dominique ("Plaintiff").[1] The Motion seeks to add a non-diverse defendant, IMA Limited Partnership ("IMA").[2] Huff Management Co., Inc. and Axis Surplus Insurance Co. (collectively, "Defendants") oppose the Motion.[3]

Because the balance of applicable factors weighs in favor, it is recommended[4] that the Motion be **GRANTED,** permitting Plaintiff to file his First Supplemental and Amending Complaint ("Amended Complaint").[5] As granting the Motion will destroy complete diversity, it is further recommended that the matter be **REMANDED** to the Eighteenth Judicial District Court for the Parish of Iberville, State of Louisiana, for lack of subject matter jurisdiction under 28 U.S.C. § 1332(a).

---

[1] R. Doc. 14.
[2] *Id. See also* R. Doc. 14-1.
[3] R. Doc. 16.
[4] "Generally, a motion for leave to amend the pleadings is a nondispositive matter that may be ruled on by a magistrate judge pursuant to 28 U.S.C. § 636(b)(1)." *Cazares v. Morris*, No. 09-2168, 2011 WL 2414543, at *2 (D. Ariz. June 16, 2011) (citations omitted). However, because the decision regarding Plaintiff's Motion for Leave will determine whether this Court continues to have diversity jurisdiction over this matter, and thus whether this matter should be remanded to state court, the motion is dispositive and a report and recommendation, rather than a ruling, will be issued relative to the motion. *See Vessell v. Wal-Mart Stores, Inc.*, No. 07-228, 2008 WL 2700010, at *2, n. 2 (M.D. La. July 9, 2008).
[5] R. Doc. 14-1.

I.    **BACKGROUND**

In this case, Plaintiff alleges he was injured when he slipped in a puddle of water caused by a leaking hot water tank at a laundromat in Plaquemine, Louisiana.[6] On May 25, 2023, Plaintiff filed suit in Louisiana state court, alleging the slip and fall was caused because "[Huff Management]/Iberville Manor Apartments" was negligent.[7] The Petition treated Huff Management and Iberville Manor Apartments as the same entity.

Defendants removed the case to this Court on August 23, 2023, asserting diversity jurisdiction under 28 U.S.C. § 1332.[8] On August 28, 2023, Plaintiff filed a First Supplemental and Amending Petition in state court attempting to add IMA as a defendant, but the state court lacked jurisdiction at the time of the filing.[9] On September 6, 2023, Plaintiff filed a Motion to Remand, alleging that complete diversity was defeated because "[t]he Petition fails to properly identify Iberville Manor Apartments as a separate and distinct entity from Huff Management Co. Inc." and "Iberville Manor Apartments is properly IMA, a Louisiana corporation."[10]

At a telephone conference to discuss the Motion to Remand, the Court pointed out that the request to remand was premature because it addressed the purported non-diverse citizenship of IMA, which was not currently a defendant in the case.[11] The Motion to Remand was terminated

---

[6] R. Doc. 1-1, ¶ 2.
[7] *Id*. at ¶¶ 2-3.
[8] R. Doc. 1, ¶¶ 14-16, 18.
[9] R. Doc. 18-2 & R. Doc. 1, p. 8. Defendants' removal petition certifies that a copy of the removal petition was mailed to the state court on August 23, 2023. *See also* 28 U.S.C. § 1446(d) and *State v. Butler*, 405 So.2d 836, 839 (La. 1981) (citation omitted) ("The federal statute specifically provides that upon filing the removal petition with the state court, the state court is prohibited from proceeding any further with the case. This provision is designed to preclude any conflict between the two court systems by divesting the state court of jurisdiction over the matter until such time as the federal court determines if it has jurisdiction or that a remand back to the state court is necessary. It is well-settled that once the procedure for removal has been followed and so long as the case has not been remanded, any subsequent action by the state court is void, even if the case was removed improperly.").
[10] R. Doc. 6, ¶¶ 2-4.
[11] R. Doc. 12, p. 2.

without prejudice and Plaintiff was instructed to file a motion for leave to amend by October 12, 2023, if he wished to add IMA as a defendant.[12]

On September 29, 2023, Plaintiff timely filed the Motion seeking leave to join IMA.[13] The proposed Amended Complaint alleges that Plaintiff's slip and fall was caused by the fault of Huff Management, as the manager of the laundromat, and by IMA, as the owner of the building, for failure to maintain the premises in a safe manner; failure to keep the premises free of dangerous and/or potentially dangerous hazards; and failure to regularly inspect the water heater pan.[14] Plaintiff also alleges that IMA is responsible because it is the owner of the premises and IMA had "custody of an unreasonably dangerous thing [that] caused injury to the Plaintiff."[15]

Defendants oppose the Motion, arguing that Plaintiff (1) is requesting amendment of the petition to defeat diversity of citizenship; and (2) will suffer no injury if amendment is denied because he has already named the property's managing company and its insurer as defendants.[16]

## II.   LAW AND ANALYSIS

### A.   Post-Removal Joinder of Non-Diverse Defendants

Federal Rule of Civil Procedure 15(a) requires district courts to "freely" grant leave to amend when justice so requires.[17] The liberal language of Rule 15 demonstrates a bias in favor of granting leave to amend.[18] But when an amendment after removal would destroy subject matter jurisdiction, 28 U.S.C. § 1447(e) applies. That statute provides, in pertinent part, that, "[i]f after

---

[12] R. Doc. 12, pp. 2-3. The Court also pointed out that any motion seeking leave to add IMA as a defendant must adequately allege the citizenship of IMA, a limited partnership. The Court noted that the evidence of IMA's citizenship presented in Plaintiff's Motion to Remand—a domicile address in Louisiana—was not dispositive of IMA's citizenship. R. Doc. 12, p. 3.
[13] R. Doc. 14.
[14] R. Doc. 14-1, ¶ 4.
[15] *Id.*, at ¶ 7.
[16] R. Doc. 16, p. 3.
[17] *See Jones v. Robinson Property Group, L.P.*, 427 F.3d 987, 994 (5th Cir. 2005) (citation omitted), quoting Fed. R. Civ. P. 15(a).
[18] *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597 (5th Cir. 1981). *See also Jones,* 427 F.3d at 994 ("A district court must possess a substantial reason to deny a request for leave to amend.") (internal quotations omitted).

removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."

A district court should use its discretion when deciding whether to allow the addition of a non-diverse defendant under § 1447(e).[19] Because the decision will determine whether the court maintains jurisdiction, amended pleadings naming a new, nondiverse defendant should be scrutinized more closely than an ordinary amendment.[20] In *Hensgens*, the Fifth Circuit held that the district court should consider a number of factors to balance the defendant's interests in maintaining the federal forum with the competing interests of avoiding parallel federal/state proceedings. These factors are: (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction; (2) whether plaintiff has been dilatory in requesting amendment; (3) whether plaintiff will be significantly injured if amendment is not allowed; and (4) any other factors bearing on the equities.[21] If, after balancing these factors, the addition of the non-diverse party is allowed, the Court must remand the action for lack of diversity jurisdiction.[22]

The *Hensgens* factors apply to Plaintiff's Motion. At the time of removal, Defendants established complete diversity by alleging that Plaintiff was domiciled in Louisiana,[23] that Defendant Huff Management was incorporated, and had its principal place of business, in Alabama;[24] and that Defendant Axis Insurance was an Illinois corporation, with its principal place

---

[19] *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987).
[20] *Id*. Although the Fifth Circuit decided *Hensgens* before the enactment of § 1447(e), the court has subsequently approved the application of the *Hensgens* factors to a § 1447(e) case. *Cobb v. Delta Exports, Inc.*, 186 F.3d 675, 677 (5th Cir. 1999); *Tillman v. CSX Transport., Inc.*, 929 F.2d 1023, 1029 (5th Cir. 1991).
[21] *Id*.
[22] *Kelly v. HoMedics, Inc.*, No. 23-315, 2023 WL 8016066, at *2 (E.D. La. Nov. 20, 2023), citing *Hensgens*, 833 F.2d at 1182.
[23] R. Doc. 1, ¶ 14.
[24] R. Doc. 1, ¶ 15. *See Getty Oil, Div. of Texaco v. Ins. Co. of North America*, 841 F.2d 1254,1258 (5th Cir. 1988) ("For diversity jurisdiction purposes, a corporation is a citizen of the state in which it was incorporated and the state in which it has its principal place of business.").

of business in Georgia.[25] In the proposed Amended Complaint, Plaintiff alleges that IMA is a Louisiana partnership, with two partners: (1) Triple R Corporation; and (2) Doyle Whittington. Plaintiff alleges that Whittington and Triple R Corporation are domiciled in Louisiana.[26] Accordingly, IMA is a citizen of Louisiana whose inclusion as a defendant would destroy the court's diversity jurisdiction.[27] Defendants do not dispute that IMA would be a non-diverse defendant.

### B.  Application of the *Hensgens* Factors

The *Hensgens* factors weigh in favor of allowing Plaintiff to amend the complaint to add IMA as a defendant. The first *Hensgens* factor is the extent to which the purpose of the amendment is to defeat federal jurisdiction.[28] When analyzing this factor, district courts have considered whether the plaintiff knew or should have known the non-diverse defendant's identity when the state court complaint was filed. Courts have held that a plaintiff's failure to join a non-diverse defendant *before* removal when the plaintiff knew of the non-diverse defendant's identity and activities, suggests that the purpose of the amendment is to destroy diversity jurisdiction.[29] However, courts have also recognized that when a plaintiff states a valid claim against a defendant,

---

[25] R. Doc. 1, ¶ 16. As to amount in controversy, the Notice of Removal states that Plaintiff had pre-existing issues and that it is unclear whether he may relate the potential for future hip and/or lumbar surgery to the fall. The Notice of Removal attaches medical records, none of which states the amounts that have been incurred for past medical expenses. Defendants also do not provide evidence of lost wages or other items of damages. Because leave to amend is recommended to add a non-diverse party, the issue of whether Defendants have met their burden of establishing amount in controversy is not reached in this Report and Recommendation.
[26] R. Doc. 14-1, ¶ 2(B). According to the Louisiana Secretary of State records, Triple R is incorporated, and has its principal place of business, in Louisiana. https://coraweb.sos.la.gov/CommercialSearch/CommercialSearchDetails.aspx?CharterID=184836_A67CCC991B (last checked 7/24/2024).
[27] R. Doc. 16, p. 5.
[28] *Hensgens*, 833 F.2d at 1182.
[29] *Schindler v. Charles Schwab & Co., Inc.*, No. 05-0082, 2005 WL 1155862, at *3 (E.D. La. May 12, 2005), citing *Smith v. White Consol. Indus., Inc.*, 229 F.Supp.2d 1275, 1280 (N.D. Ala. 2002); *In re Norplant*, 898 F.Supp. 429, 431 (E.D. Tex. Sept. 29, 1995); *O'Connor v. Auto. Ins. Co. of Hartford, Conn.*, 846 F.Supp. 39, 41 (E.D. Tex. 1994).

it is unlikely that the *primary* purpose of bringing that party into the litigation is to destroy diversity jurisdiction.[30]

Here, Plaintiff's original Petition named "[Huff Management]/Iberville Manor Apartments" as a defendant.[31] The inclusion of the Iberville Manor Apartments as a defendant in the original Petition suggests that the Plaintiff intended to assert claims against the owner of the building.[32] However, Defendants contend that the timing of the proposed amendment--filed soon after removal--suggests "the real motive for the amendment is to have the case remanded to State Court."[33] In support, Defendants point to caselaw finding evidence of a plaintiff's purpose to defeat jurisdiction where a plaintiff's sudden effort to add defendants occurs close in time to defendants' removal.[34]

A court in this Circuit considered a plaintiff's sudden effort to add a non-diverse defendant after removal in the case of *Gallegos v. Safeco Ins. Co. of Indiana*.[35] That case involved a plaintiff who filed suit against his homeowner's insurer in a claim to recover insurance proceeds for property damage caused by Hurricane Ike. After the case was removed to federal court, the plaintiff sought to add his non-diverse insurance adjuster as a defendant, claiming that he had "recently learned" that this individual handled his claims. However, documents in the record indicated that the plaintiff knew the identity of the adjuster before he filed suit. Under these

---

[30] *Schindler*, 2005 WL 1155862, at *3, citing *McNeel v. Kemper Cas. Ins. Co.*, 2004 WL 1635757, at *2 (N.D. Tex. July 21, 2004); *see also Valenti v. Coburn Supply Company*, No. 19-571, 2020 WL 4679544, at *2 (M.D. La. Jul. 28, 2020): "[A]s long as the plaintiff states a valid claim against the new defendant, the principal purpose is not to destroy diversity jurisdiction." (citation omitted).
[31] R. Doc. 1-1, ¶ 1(A).
[32] *See Fields v. Progressive Casualty Insurance Co.*, No. 21-477, 2022 WL 324028, at *4 (M.D. La. Jan. 18, 2022), report and recommendation adopted, No. 21-477, 2022 WL 323968 (M.D. La. Feb. 2, 2022) ("These allegations in the original Petition show that Plaintiff intended to assert claims against the entity that provided her uninsured/underinsured motorist coverage. Due to the similarity in the names, Plaintiff simply mis-named the correct entity.").
[33] R. Doc. 16, p. 5.
[34] *See McCrea v. Rapid Logistics, LLC*, No. 20-601, 2022 WL 366233, at *5 (M.D. La. Jan. 18, 2022), report and recommendation adopted, No. 20-601, 2022 WL 363961 (M.D. La. Feb. 7, 2022). *See also Karr v. Brice Bldg. Co.*, No. 08-1984, 2009 WL 1458043, at *4 (E.D. La. May 22, 2009). .
[35] No. 09-2777, 2009 WL 4730570, at *3-4 (S.D. Tex. Dec. 7, 2009).

circumstances, the Court found that the plaintiff's motion for leave to amend--filed less than a month after removal--was evidence that the amendment was for the purpose of defeating federal jurisdiction.[36]

Here, Defendants point to a string of e-mails exchanged by counsel, after suit was filed in state court, to support their contention that Plaintiff had knowledge of the identity of IMA before removal but did not have any intent to amend to add IMA as a defendant until after removal.[37] The e-mails reflect that on August 17, 2023, defense counsel e-mailed Plaintiff's counsel a copy of the management agreement between IMA and Huff Management and asked Plaintiff's counsel if he "still intend[s] to amend the Petition for Damages." Plaintiff's counsel responded, "[s]orry, what amendment needs to be done?"[38] Defense counsel did not respond. On August 21, 2023, defense counsel sent another e-mail providing Plaintiff's counsel with a copy of the management agreement, which he stated was the "applicable agreement at the time of the fall," and then wrote, "[t]his will confirm that you will not amend the petition to add the owner of the property, IMA Limited Partnership (proper name)."[39] On August 23, 2023, Defendants removed the case.[40] Plaintiff counsel responded to defense counsel's e-mail on August 25, 2023 (2 days after removal), saying "[y]es I will amend."[41] According to Defendants, these e-mails establish that Plaintiff's "real motive" for filing the motion for leave to amend to join IMA as a defendant was to defeat federal jurisdiction.[42]

Defendants' argument is unconvincing. Based on the evidence provided, defense counsel provided Plaintiff with the correct name of the premises owner (IMA) just days before Defendants

---

[36] *Gallegos*, 2009 WL 4730570, at *4 (citation omitted).
[37] R. Doc. 18-1, pp. 1-7.
[38] R. Doc. 18-1, p. 3.
[39] R. Doc. 18-1, p. 3.
[40] R. Doc. 1.
[41] R. Doc. 18-1, p. 3.
[42] R. Doc. 16, p. 5.

removed the case to federal court.[43] The only response to defense counsel's efforts to confirm that Plaintiff did not intend to amend came a few days later and stated that Plaintiff planned to amend. This is not enough to discern that Plaintiff's "true intent" with the amendment is to defeat diversity jurisdiction. Additionally, naming "Huff Management Co. Inc./Iberville Manor Apartments" as a defendant in the original Petition suggests that Plaintiff intended to include the premises owner as a defendant before removal but simply failed to name the defendant correctly. This case is distinguishable from *Gallegos*, where the plaintiff did not manifest any intent to join the non-diverse defendant before removal.

Also unlike in *Gallegos*, Plaintiff has also alleged a colorable custodial liability claim against IMA.[44] La. Civ. Code article 2317.1 imposes a negligence standard and provides that "[t]he owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care." In the proposed Amended Complaint, Plaintiff alleges that he slipped and fell in a puddle of water located in a building owned by IMA; that he fell "due to the Defendant not having a water heater pan under the leaking hot water heater tank;" and that Defendant "had full knowledge of the hazard it created and gave no warning to pedestrians crossing this area and is strictly liable for the injuries sustained by [Plaintiff]."[45] Plaintiff also alleges that IMA is responsible for his injuries because it was the owner of the building and had "custody of an unreasonably dangerous thing [that] caused injury

---

[43] R. Doc. 18-1, p. 3.
[44] *Gallegos*, 2009 WL 4730570, at *4 (noting, as an additional reason to deny leave to amend, that efforts to impose liability on an insurance adjuster "face significant legal obstacles" where a plaintiff fails to allege the adjuster exceeded his authority or made actionable misrepresentations).
[45] R. Doc. 14-1, ¶ 3.

8

to the Plaintiff."[46] These allegations are sufficient to state a custodial liability claim sufficient to withstand a motion under Fed. R. Civ. P. 12(b)(6).[47] As the purpose of Plaintiff's amendment was to correct the name of a defendant that Plaintiff attempted to name in the original Petition pre-removal, and against whom Plaintiff has stated a viable claim, the first *Hensgens* factors weighs in favor of allowing the amendment.[48]

The second *Hensgens* factor considers whether the Plaintiff has been dilatory in requesting the amendment.[49] For this factor, district courts often look to the amount of time that has passed between the filing of the original complaint and the amendment and the amount of time between the removal and the amendment.[50] Other courts have analyzed this factor by considering how far the litigation has progressed.[51]

Here, Plaintiff requested leave to amend his complaint four months after he filed his original Petition in state court and just over a month after the case was removed to federal court.[52] This litigation is still in its infancy—other than the filing of Plaintiff's premature Motion to Remand, the case has not advanced beyond the pleadings stage.[53] Also, Plaintiff filed his request

---

[46] R. Doc. 14-1, ¶ 7.
[47] Courts considering similar custodial liability allegations have recognized the validity of the claim. *See Gul on behalf of E.M. v. 4040 Tulane Avenue, LLC*, No. 21-13, 2021 WL 1401755 (E.D. La. April 14, 2021) (granting leave to amend in a premises liability case to join the manager of a building where the accident occurred). *See also Allen v. Red Frog Events, LLC*, No. 17-1664, 335 F.Supp.3d 831, 841-42 (M.D. La. Sept. 13, 2018) (finding the property owner was properly joined in a premises liability case because the plaintiff established a possibility of recovery against the premises owner, notwithstanding that the event organizer contractually assumed responsibility for the conditions of the premises during its event).
[48] *See Kelly*, 2023 WL 8016066, at *3.
[49] *Hensgens*, 833 F.2d at 1182.
[50] *Schindler*, 2005 WL 1155862, at *4, citing *Ellsworth, LeBlanc & Ellsworth, Inc. v. Strategic Outsourcing, Inc.*, 2003 WL 21783304, at *3 (E.D La. July 30, 2003).
[51] *Schindler*, 2005 WL 1155862, at *4, citing *Vincent v. East Haven Ltd. P'ship*, No. 02-2904, 2002 WL 31654955, at *3 (E.D. La. Nov. 20, 2002); *El Chico Restaurants, Inc. v. Aetna Cas. and Sur. Co.*, 980 F.Supp. 1474, 1485 (S.D. Ga. 1997).
[52] R. Docs. 1, 1-1, & 14.
[53] *See, e.g., Pitts v. Sam's East, Inc.*, No. 20-631, 2021 WL 3439416, at *5 (M.D. La. July 16, 2021), report and recommendation adopted, No. 20-631, 2021 WL 3432859 (M.D. La. Aug. 5, 2021) ("[A]s no scheduling order has been entered in this case, nor has any significant activity beyond the pleadings stage occurred in this Court, this factor weighs slightly in favor of granting leave to amend.")

for leave to amend the complaint just over a month after defense counsel provided him with the correct name of the premises owner.[54] As Plaintiff acted with reasonable diligence to amend in the early stages of the case after learning the property owner's correct name, this factor weighs in favor of granting leave to amend.[55]

As to the third *Hensgens* factor, whether the plaintiff would be significantly injured by denying the amendment, courts often examine the financial burden imposed by forcing the plaintiff to maintain two parallel lawsuits arising out of the same facts in two different courts.[56] Courts have also noted that requiring a plaintiff to engage in such parallel litigation wastes judicial resources and may lead to inconsistent results.[57] Another consideration bearing on this factor is whether the plaintiff can be afforded complete relief without the amendment.[58]

It is clearly more efficient to add IMA as a defendant in this case as Plaintiff's allegations against IMA and Huff Management arise out of the same set of facts. Duplicative lawsuits arising out of the same facts in two different courts would waste the parties' resources and could potentially lead to inconsistent results.[59] Defendants nevertheless argue that this factor weighs against allowing the amendment because Defendants dispute that the Plaintiff will suffer any prejudice if the Court denies leave to amend.[60] In support, Defendants point to IMA's Management Agreement with Huff Management, whereby Huff Management agrees to "endeavor to maintain

---

[54] R. Doc. 18-1, p. 3.
[55] *See Kelly*, 2023 WL 8016066, at *4 (finding plaintiffs acted with reasonable diligence in filing their motion to amend less than 30 days after plaintiffs discovered the proposed defendant's role in the case at a deposition). *See, also, Fields*, 2022 WL 324028, at *4 (a motion filed less than one month after the defendant discloses the correct name of the defendant is not dilatory); *McNeel*, 2004 WL 1635757, at *3 (amendment five months after filing of state court complaint and six weeks after removal is not dilatory); *Holcomb v. Brience, Inc.*, No. 01-1715, 2001 WL 1480756, at *2 (N.D. Tex. Nov. 20, 2001) (amendment two months and one week after state court filing and one month and one week after removal is not dilatory).
[56] *Kelly*, 2023 WL 8016066, at *4, citing *El Chico Rests.*, 980 F.Supp. at 1485.
[57] *Id*.
[58] *Schindler*, 2005 WL 1155682, at *4, citing *Jerido v. Am. Gen. Life and Acc. Ins. Co.*, 127 F.Supp.2d 1322, 1325 (M.D. Ala. 2001).
[59] *See Schindler*, 2022 WL 1155682, at *5.
[60] R. Doc. 16, pp. 3-5.

and repair the project in accordance with the management plan and local codes, and keep it in a condition acceptable to the Owner and applicable government agencies at all times."[61] Because the contract assigns responsibility for the property's maintenance and repair to Huff Management, Defendants appear to suggest that Huff Management is the only entity that is potentially answerable to Plaintiff's claims of negligence.[62] Defendants are incorrect.

First, even under the terms of the Management Agreement, IMA appears to retain some responsibility for the conditions of the premises, as evidenced by the provisions that state Huff Management must keep the property in a "condition acceptable to the Owner" and that the maintenance and repair work to be performed is "subject to any limitations imposed by the Owner."[63] Additionally, as discussed above, La. Civ. Code art. 2317.1 establishes that a property owner (and not just the custodian) can be held liable for damage caused by a defect in the premises if the applicable elements of the claim are met. Defendants in their Answer also allege that the sole and proximate cause of the accident was due to the fault of Plaintiff and "third parties"—which could include IMA.[64] Despite Defendants' arguments to the contrary, the purpose of the amendment--to add IMA as a defendant--is important to Plaintiff's claims and disallowing the amendment could prejudice Plaintiff because fault could be allocated to IMA in a final judgment in this case.[65] Under these circumstances, this factor weighs squarely in favor of allowing amendment.

---

[61] R. Doc. 11-3, p. 7, ¶ V(I).
[62] R. Doc. 16, pp. 3-5.
[63] R. Doc. 11-3, p. 7, ¶ V(I).
[64] R. Doc. 5, ¶ 10.
[65] *See, e.g., Karr*, 2009 WL 1458043, at *5 (finding that the third *Hensgens* factor supported joinder of the defendant because precluding the Plaintiff from joining the owner of the premises would severely prejudice the Plaintiff's case). Although Plaintiff could pursue claims against IMA in state court, as explained above, that is less efficient and carries a risk of inconsistent judgments.

11

Finally, the Court may consider "any other factors bearing on the equities."[66] Here, it bears repeating that the purpose of Plaintiff's amendment was to *correct* the name of a defendant that he sought to include in the litigation from the beginning. In other words, this is not the type of effort to amend that suggests jurisdictional gamesmanship by Plaintiff.[67] Because of this, the equities in this case generally weigh in favor of allowing Plaintiff's joinder of IMA.[68]

### III.  RECOMMENDATION

As the applicable factors weigh in favor of permitting Plaintiff leave to amend to properly name the owner of the premises where he claims to have fallen and sustained injuries in this case, **IT IS RECOMMENDED** that the Motion to Grant Leave to File First Supplemental and Amending Complaint,[69] filed by Plaintiff Ernest M. Dominique, be **GRANTED**, and that the First Supplemental and Amending Complaint[70] be **FILED** into the record, adding IMA Limited Partnership as a defendant.

Because the addition of IMA as a defendant will destroy complete diversity between the parties, **IT IS FURTHER RECOMMENDED** that this matter be **REMANDED** to the Eighteenth Judicial District Court for the Parish of Iberville, State of Louisiana.

Signed in Baton Rouge, Louisiana, July 25, 2024.

                                          **ERIN WILDER-DOOMES**
                                          **UNITED STATES MAGISTRATE JUDGE**

---

[66] *Hensgens*, 833 F.2d at 1182.
[67] *See, e.g., Gul*, 2021 WL 1401755, at *2 (considering whether any side engaged in jurisdictional gamesmanship when considering the equities).
[68] *See, e.g., Karr*, 209 WL 1458043, at *5.
[69] R. Doc. 14.
[70] R. Doc. 14-1, pp. 1-4.